# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. LEON SNIPES, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | No. 07 C 4013 |
| v. | ) <br> ) | Wayne R. Andersen |
| EDDIE JONES, Warden,<br>Pontiac Correctional Center, | ) <br> ) <br> ) | District Judge |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on respondent Eddie Jones' motion to dismiss petitioner Leon Snipes' petition for writ of habeas corpus for lack of jurisdiction pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts and 28 U.S.C. § 2244(d)(1)(A). For the following reasons, that motion is granted.

## BACKGROUND

*Pro se* petitioner Leon Snipes ("Snipes") is currently in the custody of respondent Eddie Jones ("Jones"), Warden of the Pontiac Correctional Center in Pontiac, Illinois. In 1991, Snipes was found guilty of criminal sexual assault in Kankakee County, Illinois (the "1991 conviction"), and was sentenced to four years' imprisonment. Snipes unsuccessfully appealed that conviction to both the Illinois Appellate Court and the Illinois Supreme Court. He also filed a petition for postconviction relief, the dismissal of which he again unsuccessfully appealed to both higher State courts. In 1997, after fully serving both his prison sentence and term of mandatory supervised released on the 1991 conviction, Snipes was convicted of committing an

unrelated sexual assault (the "1997 conviction") and is currently serving a 30-year sentence pursuant to that subsequent conviction.

On July 17, 2007, Snipes filed the instant petition for writ of habeas corpus in which he raised the following claims regarding his 1991 conviction: (1) he was actually innocent of the crime; (2) his right to a speedy trial was violated; (3) the State failed to disclose exculpatory evidence; (4) there was insufficient evidence to prove his guilt; (5) his trial counsel was ineffective for failing to present evidence and testimony, and for failing to discredit the victim's testimony; (6) the State concealed evidence that a witness was no longer a police officer when the witness testified; (7) the State presented false testimony from the victim; (8) the State used undue influence, coercion, and false evidence in indicting Snipes for the crime; (9) his appellate counsel was ineffective for failing to raise issues (3), (4), (5), and (7) above; and (10) the State presented false testimony at his bond hearing. Jones now moves to dismiss Snipes' petition.

## **DISCUSSION**

In his motion to dismiss, Jones asserts that this court is without jurisdiction to entertain Snipes' petition because at the time Snipes filed the petition Snipes had already completed his sentence on the 1991 conviction and was no longer "in custody" because of it, having served both his prison term and term of mandatory supervised release. We agree. The United States District Courts are empowered by 28 U.S.C. § 2254 to entertain writs of habeas corpus on behalf of state prisoners on the ground that they are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a) (2007). The Supreme Court has interpreted the language of § 2254 as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Maleng et al. v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" requirement is jurisdictional. *Lowrey v. Young*,

887 F.2d 1309, 1312 (7th Cir. 1989). Here, Snipes completed his sentence on the 1991 conviction before he filed the instant petition challenging that conviction. Thus, because Snipes was no longer "in custody" under the 1991 conviction, this court is without jurisdiction to entertain his petition.

In his response to Jones' motion to dismiss, Snipes argues that he satisfies the "in custody" requirement because his 1997 sentence was enhanced by his 1991 conviction. However, having carefully reviewed Snipes' petition, we cannot find any language that could be construed as a challenge to Snipes' 1997 sentence. Moreover, in Snipes' petition he lists only his 1991 conviction as the conviction being challenged. Thus, we refuse to construe Snipes' petition as challenging his 1997 sentence. If Snipes wishes to challenge his 1997 sentence, he may be able to do so in a separate habeas petition. Accordingly, Snipes' instant petition challenging his 1991 conviction is dismissed.

## CONCLUSION

For the foregoing reasons, respondent Eddie Jones' motion to dismiss [17] petitioner's § 2254 petition is granted. This case is terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: January 23, 2008