Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4013 | **DATE** | 3/24/2011 |
| **CASE TITLE** | Leon Snipes (Leon Snipes) vs. Eddie Jones | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reinstate [40] is denied. Plaintiff's motion for recusal [42] is denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

This matter is before the court on Petitioner Leon Snipes' (Snipes) *pro se* motion to "Reinstate Action Under Fed. Rule of Civ. Proc. 60(b) (3, 4 and 6)," (Motion to Reinstate) and *pro se* motion for recusal and substitution of judge. Snipes brought the instant action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Section 2254 Petition), and on January 23, 2008, the prior judge in this case granted Respondent's motion to dismiss the Section 2254 Petition. Snipes requested a certificate of appealability from the prior judge in this case, and the request was denied on July 11, 2008. Snipes then requested a certificate of appealability from the Seventh Circuit, and the request was denied on October 20, 2008. On February 23, 2011, Snipes filed the instant motions, and on February 25, 2011, the instant action was reassigned to the undersigned judge.

This court has liberally construed Snipes' *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001) (indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). In the Motion to Reinstate, Snipes is seeking to have the judgment in this action vacated pursuant to

| STATEMENT |
|---|

Federal Rule of Civil Procedure 60(b) (Rule 60(b)) and to have his case reinstated. Snipes argues that the judgment should be vacated "due to fraud and the judgment being <u>VOID</u>." (Mot. Reinst. 1). Snipes contends that the prior judge's "actions and inactions were done beyond the bounds of authorized judicial action and also, do not conform to statute, case law or rule they [sic] are VOID." (Mot. Reinst. 2).

The prior judge denied the Section 2254 Petition because, in order for a federal court to have jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254, a petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. (1/23/08 MO 2-3); *see also Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003)(stating that "[i]n order to bring an action under § 2254, a prisoner must be 'in custody' pursuant to the conviction or sentence being challenged"). The prior judge indicated that Snipes, in his Section 2254 Petition, had challenged a criminal conviction that Snipes received in 1991 (1991 Conviction). (1/23/08 MO 2-3). The prior judge also indicated that Snipes had completed his sentence and term of mandatory supervised release for the 1991 Conviction by the time that he filed the Section 2254 Petition and thus was not "in custody," under 28 U.S.C. § 2254. (1/23/08 MO 1-3). The prior judge noted that, although Snipes argued in his response to Respondent's motion to dismiss that the Section 2254 Petition was tied to a sentence he received for a conviction in 1997, Snipes only challenged the 1991 Conviction in the Section 2254 Petition. (1/23/08 MO 3). Snipes' motion is totally groundless and without merit and Snipes has not shown that the judgment entered by the prior judge involved any fraud or shown that the judgment is void. The court also notes that the Seventh Circuit stated on appeal that it reviewed the order entered by the prior judge. The Seventh Circuit denied Snipes' request for a certificate of appealability, finding that Snipes had not made a substantial showing of the denial of a constitutional right. Snipes has not shown that the judgment in this action should be vacated under Rule 60(b), and the Motion to Reinstate is therefore denied.

In the motion for recusal, Snipes argues that the prior judge in this action should be disqualified and a new judge should be substituted in this action. Snipes has not shown any valid basis for the substitution of the prior judge. However, this action has been reassigned to the undersigned judge, and the motion for recusal is therefore denied as moot.